FILED

MAY 14 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUSEBIO PEREZ-CHAVEZ, | ) |
| | ) Civ. No. 13-1359GT |
| Petitioner, | ) Cr. No. 12-4407GT |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On June 7, 2013, Petitioner, Eusebio Perez-Chavez("Mr. Perez"), filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Essentially, Mr. Perez argues that the Government breached his plea agreement and his counsel was ineffective because he did not raise this alleged breach. The Court has considered this matter, including a review of the file, the documents therein and the arguments presented. For the reasons stated below, Mr. Perez's Motion is **DENIED**.

//

//

Essentially, Mr. Perez argues that the Government breached his plea agreement because it did not recommend the low end of the guideline range as specified under that plea agreement. Mr. Perez also argues the his counsel was ineffective because his counsel did not object to this breach. According to Mr. Perez, because of this alleged breach of the plea agreement he received a 24 month sentence, which was the high end of the guideline range, and not an 18 month sentence, which was the low end of the guideline range.

This argument fails for two reasons. First, Mr. Perez pled guilty, pursuant to a written plea agreement, to one count of Removed Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, Mr. Perez explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Perez expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Perez is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable). Second, and more importantly, the Government did recommend a sentence of 18 months as evidenced by its Sentencing Summary Chart. Hence, the Government made the requisite recommendation and did not breach the plea agreement.

Similarly, Mr. Perez's counsel was not ineffective simply because the Court did not follow the parties' recommendations. The written plea agreement clearly states that "the sentence is within the sole discretion of the sentencing judge." (Plea Agreement, pg 6) The plea agreement also states that "any estimate of the probable sentence by defense counsel is a prediction." (Id.) Mr. Perez was informed that a higher sentence was possible and his counsel was not ineffective because the Court sentenced Mr. Perez to the high end of the guideline range rather than the low end of the guideline range. Accordingly,

//

//

//

**IT IS ORDERED** that Mr. Perez's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

5-13-15
date

GORDON THOMPSON, JR.
United States District Judge

cc: All parties